UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

——————————

PAT CARLOTTO,

        Plaintiff,

    v.

CITY OF SOUTH HAVEN,

        Defendant.

Case No. 25-1557

Hon. Phillip J. Green

| | |
|---|---|
| Mark S. Wilkinson (P68765)<br>PALADIN EMPLOYMENT LAW PLLC<br>*Attorney for Plaintiff*<br>5955 W. Main St., Ste. 618<br>Kalamazoo, MI 49009<br>(tel.) 269.978.2474<br>mark@paladinemploymentlaw.com | Andrew J. Brege (P71474)<br>ROSATI SCHULTZ JOPPICH<br> & AMTSBUECHLER P.C.<br>*Attorney for Defendant*<br>822 Centennial Way, Ste. 270<br>Lansing, MI 48917<br>(tel.) 517.886.3800<br>abrege@rsjalaw.com |

**PLAINTIFF'S BRIEF IN SUPPORT OF
HIS MOTION TO COMPEL DISCOVERY**

## I.    NATURE OF THE CASE

This is an employment case about retaliation. Plaintiff Pat Carlotto works as a sergeant with Defendant's police department, and he previously participated in Title VII litigation that one of his fellow police officers brought against Defendant. He also opposed Defendant's treatment of that officer and its discrimination and retaliation against her.

Carlotto then applied for a chief of police vacancy with Defendant, but Defendant refused to permanently hire him for the job despite his vastly superior qualifications, credentials, and experience. Instead, Defendant hired candidates that should have never been hired over Carlotto, and each of these candidates lasted less than two months on the job (and one of them did not even make it a month). Defendant acknowledged that it would not hire Carlotto for the chief of police position because of his Title VII litigation participation and his opposition to Defendant's discrimination and retaliation. Defendant admitted that it would not hire Carlotto as chief of police because it felt that he had "some trust issues" and "too much baggage." The "trust issues" and "baggage" were a direct reference to Carlotto's participation in the Title VII litigation and his opposition to Defendant's discrimination and retaliation against his coworker.

## II.    PLAINTIFF'S UNANSWERED DISCOVERY REQUESTS

Defendant's answers to Plaintiff's first set of interrogatories and responses to Plaintiff's first request to produce are long overdue. (Ex. 1, Pl.'s First Set of Interrog. and First Request to Produce) Plaintiff served his first set of interrogatories and first request to produce on February 11, 2026. (Proof of Service, PageID.40) Defendant's answers and responses were therefore due on March 16, 2026, but Defendant has failed to provide any answer, response, or objection to Plaintiff's discovery requests.

In an email on April 2, 2026, Plaintiff requested that Defendant serve its answers to Plaintiff's first set of interrogatories and Defendant's responses to Plaintiff's first request to

- 1 -

produce. (Ex. 2, Emails Regarding Discovery Responses) Defendant committed to doing so, but still has not served its discovery responses. (*Id.*) Plaintiff then advised Defendant that he would need to move forward with a motion to compel discovery if Defendant failed to provide its discovery responses by close of business on May 4, 2026. (*Id.*) Defendant failed to do so and has continued to ignore Plaintiff's discovery requests.

## III.    ARGUMENT

Federal Rule of Civil Procedure 26(b) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case ...." "The proponent of a motion to compel discovery bears the initial burden of proving that the information sought is relevant." *Vamplew v. Wayne State Univ. Bd. of Governors*, No. 12-14561, 2014 WL 266407, at *1 (E.D. Mich. Jan. 24, 2014) (citations omitted). "Relevant evidence" is evidence that "has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." FED. R. EVID. 401.

However, relevance for discovery purposes is extremely broad. *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 402 (6th Cir. 1998). "[D]iscovery itself is designed to help define and clarify the issue," and the limits set forth in Rule 26 must be "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." *Oppenheimer Fund Inc. v. Sanders*, 437 U.S. 340, 351 (1978). "The operative test in determining whether discovery on a particular matter is permissible is 'whether the line of interrogation is reasonably calculated to lead to the discovery of admissible evidence.'" *Conti v. Am. Axle & Mfg.*, 326 F. App'x 900, 904 (6th Cir. 2009) (quoting *Mellon v. Cooper-Jarrett Inc.*, 424 F.2d 499, 501 (6th Cir. 1970)).

Plaintiff's discovery requests seek relevant and discoverable documents and information.

Additionally, because Defendant failed to timely serve objections to Plaintiff's discovery requests, any objections to those requests have now long been waived. *See* FED. R. CIV. P. 33(b)(4) ("Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure."); *Firneno v. Nationwide Marketing Serv. Inc.*, No. 14-10104, 2015 WL 13805453, at *3 (E.D. Mich. Dec. 10, 2015) ("Although Rule 34, unlike Rule 33, does not specifically state that objections are waived after 30 days, the considerable weight of authority is that the failure to timely object to requests for production of documents also constitutes a waiver."); *Carfagno v. Jackson Nat. Life Ins. Co.*, No. 99-118, 2001 WL 34059032, at *1 (W.D. Mich. Feb. 13, 2001) ("As a general rule, failure to object to discovery requests within the thirty days provided by Rules 33 and 34 constitutes a waiver of any objection."). The waiver applies with equal force to objections based on the assertion of a privilege. *See Caldwell v. 9173-7999 Quebec Inc.*, No. 18-12752, 2019 WL 6907349, at *2-3 (E.D. Mich. Dec. 19, 2019) (collecting cases and noting that the failure to assert timely objections waives the privilege).

## IV.    CONCLUSION AND RELIEF REQUESTED

Defendant has failed to timely serve its discovery responses. The Court should therefore enter an order that compels Defendant to do the following within five days:

- provide full and complete answers to Plaintiff's first set of interrogatories, without objection;

- provide full and complete responses to Plaintiff's first request to produce documents, without objection; and

- deem any objection waived that Defendant may claim to have in answering or responding to Plaintiff's first set of interrogatories or his first request to produce documents.

Plaintiff further requests that the Court award him his costs and attorney's fees incurred in connection with this motion and any additional relief as the Court determines appropriate and just under the circumstances.

PAT CARLOTTO

Dated: May 5, 2026

By:  /s/  Mark S. Wilkinson
 Mark S. Wilkinson (P68765)
 PALADIN EMPLOYMENT LAW PLLC
 *Attorney for Plaintiff*
 5955 W. Main St., Ste. 618
 Kalamazoo, MI 49009
 (tel.) 269.978.2474
 mark@paladinemploymentlaw.com

- 4 -

## CERTIFICATE OF COMPLIANCE

In accordance with W.D. MICH. LCIVR 7.3(b), I certify that there are 963 words in this brief, including headings, footnotes, citations, and quotations, as calculated by LibreOffice open source word processing software.

   /s/  Mark S. Wilkinson     

## INDEX OF EXHIBITS

Exhibit 1       Plaintiff's First Set of Interrogatories (Feb. 11, 2026)
                Plaintiff's First Request to Produce (Feb. 11, 2026)

Exhibit 2        Emails Regarding Discovery Responses