# Exhibit 1

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———————————

PAT CARLOTTO,

       Plaintiff,

   v.

CITY OF SOUTH HAVEN,

       Defendant.

Case No. 25-1557

Hon. Phillip J. Green

| | |
|---|---|
| Mark S. Wilkinson (P68765) | Andrew J. Brege (P71474) |
| PALADIN EMPLOYMENT LAW PLLC | ROSATI SCHULTZ JOPPICH |
| *Attorney for Plaintiff* |  & AMTSBUECHLER P.C. |
| 5955 W. Main St., Ste. 618 | *Attorney for Defendant* |
| Kalamazoo, MI 49009 | 822 Centennial Way, Ste. 270 |
| (tel.) 269.978.2474 | Lansing, MI 48917 |
| mark@paladinemploymentlaw.com | (tel.) 517.886.3800 |
| | abrege@rsjalaw.com |

## PLAINTIFF'S FIRST SET OF INTERROGATORIES

Plaintiff Pat Carlotto requests that Defendant answer the following interrogatories under oath and in accordance with Federal Rule of Civil Procedure 33 and the accompanying definitions and instructions within 30 days after service of these interrogatories.

1.     Please state the name, job title, relationship to Defendant, current address, telephone number, and email address of any person (other than legal counsel) who assisted with or provided any answers to Plaintiff's discovery requests and any documents or information used in connection with Defendant's answers to these interrogatories or Defendant's responses to Plaintiff's first request to produce documents.

**ANSWER:**

2.    Please identify by name, address, telephone number, and email address (as indicated in the definitions and instructions provided) each person or entity who:

(a)    possesses, or whom you believe possesses, any knowledge or information relating to any of the allegations in the complaint or any responsive pleading and please state the nature of the information they possess;

(b)    has provided a statement, affidavit, declaration, or any other account regarding any factual allegation, claim, or defense, or who otherwise has information regarding this case;

(c)    you plan to call as a witness in this case (whether at trial, hearing, deposition, or by affidavit or declaration), and describe the subject matters of which you believe the person has knowledge; and

(d)    Defendant communicated about any of its interactions (or its agents' or employees' interactions) of any kind with Plaintiff pertaining to the allegations asserted in the complaint.

**ANSWER:**


3.    Please provide a comprehensive explanation and description of each and every benefit (including pay) that Plaintiff would have received from Defendant had he permanently become chief of police. Please include all insurance benefits, health care benefits, dental insurance, accident insurance, long and short term disability insurance, vacation pay, reimbursement, bonus or incentive plans, and any other benefits (whether monetary, in-kind, or otherwise).

**ANSWER:**


4.    Please state whether any of Defendant's employees (other than Plaintiff) have complained about discrimination, harassment, or retaliation from January 1, 2021 to present, and then identify:

(a)    the name of the individual that complained;

(b)    the nature of the claim or complaint;

(c)    the date on which the claim or complaint was made or filed; and

- 2 -

(d)    whether or not a copy of the complaint exists, and if so where it is located.

**ANSWER:**

5.    Please provide the name, job title, last known address, last known telephone numbers, and last known email addresses of all employees, contractors, or individuals who:

(a)    worked for Defendant in its police department or as a part of its police department from March 31, 2022 until present; and

(b)    supervised Plaintiff's employment (in whole or in part) at any time.

Please identify which individuals respond to subpart (a) and which individuals respond to subpart (b). Please also identify if defense counsel claims to represent any of the individuals named in response to this interrogatory.

**ANSWER:**

6.    Please identify the persons who made, participated in, or approved any of the decisions about whether to hire Plaintiff as its chief of police (at any time), including the following:

(a)    name, address, and job title of each person;

(b)    whether such person worked (or still works for Defendant) in any capacity;

(c)    if the person is no longer working for Defendant, the reason for their termination;

(d)    whether the person has any records, documents, notes, or memoranda in connection with the decision; and

(e)    a description of any communications concerning their involvement in the decision.

**ANSWER:**

7.    Please identify the persons who made, participated in, or approved any of the decisions about whether to hire Kevin Swope as its chief of police, including the following:

(a)    name, address, and job title of each person;

       (b)      whether such person worked (or still works for Defendant) in any capacity;

       (c)      if the person is no longer working for Defendant, the reason for their termination;

       (d)      whether the person has any records, documents, notes, or memoranda in connection with the decision; and

       (e)      a description of any communications concerning their involvement in the decision.

**ANSWER:**

8.      Please identify the persons who made, participated in, or approved any of the decisions about whether to hire Dennis Honholt as its chief of police, including the following:

       (a)      name, address, and job title of each person;

       (b)      whether such person worked (or still works for Defendant) in any capacity;

       (c)      if the person is no longer working for Defendant, the reason for their termination;

       (d)      whether the person has any records, documents, notes, or memoranda in connection with the decision; and

       (e)      a description of any communications concerning their involvement in the decision.

**ANSWER:**

9.      Please identify the persons who made, participated in, or approved any of the decisions about whether to hire Adam DeBoer as its chief of police, including the following:

       (a)      name, address, and job title of each person;

       (b)      whether such person worked (or still works for Defendant) in any capacity;

       (c)      if the person is no longer working for Defendant, the reason for their termination;

       (d)      whether the person has any records, documents, notes, or memoranda in connection with the decision; and

       (e)      a description of any communications concerning their involvement in the decision.

**ANSWER:**

- 4 -

10.     Please identify every training seminar or similar educational opportunity Defendant offered for employees from January 1, 2016 to present that relate to compliance with any of the anti-discrimination laws. For each training or opportunity, please provide the name of the training, date it occurred, location where it occurred, scope of topics covered, and the persons present.

**ANSWER:**


11.     Please state if Defendant or any of its agents have conducted any interviews or engaged in any meetings with individuals (in person or otherwise) concerning this case or concerning Plaintiff (before or after the present case was filed, including in connection with the *Pauly* litigation). If so, please state the:

    (a)     person interviewed or spoken to;

    (b)     persons conducting the interview or discussion;

    (c)     dates of interview or discussion;

    (d)     length of interview or discussion; and

    (e)     description of all matters discussed during interview or discussion.

**ANSWER:**


12.     Please describe the means in which Defendant and its employees or agents communicate with each other and, in particular (but not limited to), whether employees use:

    (a)     email;

    (b)     text messages;

    (c)     mobile messaging applications;

    (d)     instant messenger applications;

    (e)     enterprise social networking applications (*e.g.*, Slack, Yammer, Chatter, Microsoft Teams, Zoom, *etc.*); and

- 5 -

(f)     which of these means of communication were used by employees or persons who work or worked for Defendant from March 31, 2022 until present.

**ANSWER:**

13.     Please identify the locations and files or other sources of information that you searched in response to these interrogatories and Plaintiff's request to produce documents, and please state whether you made a diligent search for all responsive:

(a)     hard-copy documents, books, reports, memorandums, files, and any other physical information;

(b)     emails from any account to which you have access, and describe which email accounts and email addresses that were searched;

(c)     text messages that you sent or received, and describe where and what devices you searched;

(d)     electronic documents such as, but not limited to, documents in formats like Microsoft Word, PDF, Excel, PowerPoint, or any other electronic format;

(e)     social media messages; and

(f)     documents that persons or entities have physical custody of on your behalf or whom you have control or authority over.

**ANSWER:**

14.     Have any documents or information responsive to these interrogatories or Plaintiff's first request to produce documents been lost, destroyed, stolen, or otherwise become unavailable? If so, state for each document and information:

(a)     the number of the document request that covers the document;

(b)     the nature of the document or information (*e.g.*, letter, memorandum, notes, database, *etc.*);

(c)     the date or approximate date that the document or information was created;

(d)     the date or approximate date that you last knew the document or information existed;

(e)     the date or approximate date that you last saw the document or information; and

- 6 -

(f)     explain every fact known to you about what happened to the document or information which has made it unavailable.

**ANSWER:**

15.     Please identify the person most knowledgeable about Defendant's employment practices, policies, and procedures.

**ANSWER:**

16.     Please identify the person most knowledgeable about Defendant's ESI and document retention policies.

**ANSWER:**

17.     For each affirmative defense or other defense that you have asserted, please identify the defense by number and identify:

(a)     all of the facts and evidence that you intend to use to support such a defense; and

(b)     all persons who have knowledge of the facts supporting each defense, including the name, occupation, address, telephone number, email address, job title, relation to the parties, including a description of the information that they are to present.

**ANSWER:**

PAT CARLOTTO

Dated: February _11_, 2026                    By: _____

Mark S. Wilkinson (P68765)
PALADIN EMPLOYMENT LAW PLLC
*Attorney for Plaintiff*
5955 W. Main St., Ste. 618
Kalamazoo, MI 49009
(tel.) 269.978.2474
mark@paladinemploymentlaw.com

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———————————

PAT CARLOTTO,

      Plaintiff,

v.

CITY OF SOUTH HAVEN,

      Defendant.

Case No. 25-1557

Hon. Phillip J. Green

| | |
|---|---|
| Mark S. Wilkinson (P68765)<br>PALADIN EMPLOYMENT LAW PLLC<br>*Attorney for Plaintiff*<br>5955 W. Main St., Ste. 618<br>Kalamazoo, MI 49009<br>(tel.) 269.978.2474<br>mark@paladinemploymentlaw.com | Andrew J. Brege (P71474)<br>ROSATI SCHULTZ JOPPICH<br> & AMTSBUECHLER P.C.<br>*Attorney for Defendant*<br>822 Centennial Way, Ste. 270<br>Lansing, MI 48917<br>(tel.) 517.886.3800<br>abrege@rsjalaw.com |

## PLAINTIFF'S FIRST REQUEST TO PRODUCE

Plaintiff Pat Carlotto requests that Defendant produce the documents and information requested below in accordance with Federal Rule of Civil Procedure 34 and the accompanying definitions and instructions within 30 days after service of these requests.

1. Please produce all documents and ESI identified or referenced in your answers to any interrogatories served by Plaintiff, or that were relied upon, referred to, reviewed, or considered in preparation of those answers.

**RESPONSE:**

2. Please produce all written statements, correspondence (electronic or otherwise), non-written statements (for example, audio or video recordings), or other documents and ESI

you have received or obtained from any person that has been contacted or interviewed in connection with the allegations in the complaint or your defenses.

**RESPONSE:**

3.      Please produce any handbooks, manuals, policies, employment applications, or similar documents and ESI that Defendant instituted or maintained for its employees from January 1, 2021 to present.

**RESPONSE:**

4.      Please produce the job description for any of the positions Plaintiff held while employed by Defendant (including the chief of police position).

**RESPONSE:**

5.      Please produce all documents related to the job posting or similar documents inviting candidates to become Defendant's chief of police from January 1, 2022 to present.

**RESPONSE:**

6.      Please produce all documents and ESI that describe the compensation and benefits payable to the chief of police.

**RESPONSE:**

7.      Please produce a complete copy of any file (in any format) maintained by Defendant about Plaintiff.

**RESPONSE:**

8.      Please produce all documents and ESI in Defendant's possession for or about

Plaintiff (even if not kept in a particular file or specific location), including but not limited to:

(a)    correspondence;

(b)    emails and text messages;

(c)    notes;

(d)    videos or audio recordings;

(e)    performance evaluations;

(f)    contracts;

(g)    schedules and attendance records;

(h)    leave requests;

(i)    accommodation requests;

(j)    pay records;

(k)    time sheets;

(l)    records reflecting actual hours worked;

(m)    tax records; and

(n)    expense requests, invoices, and reimbursements.

**RESPONSE:**


9.    Please produce any document related to any training seminar Defendant offered to or for its employees from January 1, 2016 until present regarding compliance with any of the anti-discrimination laws.

**RESPONSE:**


10.    Please produce all correspondence or other communications or documents by Defendant or between its employees or agents (or to or from any third person, including Plaintiff) that mentions, concerns, or relates to Plaintiff, whether drafted or stored in hard copy or electronic form, including but not limited to text messages, social media messages, and email messages.

**RESPONSE:**

11.     Please produce all documents and ESI related to this case that you or any of your employees, representatives, or agents, including your attorneys, sent to or received from the Michigan Municipal Risk Management Authority (MMRMA) or any of MMRMA's employees, representatives, or agents.

**RESPONSE:**

12.     Please produce any documents that you received from a third-party in connection with this case (whether by subpoena, Freedom of Information Act requests, or otherwise).

**RESPONSE:**

13.     Please produce all documents and files (in any format) maintained by Defendant about Kevin Swope, including, but not limited to, all chief of police interview and candidacy files, candidate ranking sheets, handwritten or electronic notes from every member of interview panels, investigatory files, documents exchanged with the Michigan Commission on Law Enforcement Standards, human resources files, supervisor files, and manager files (but excluding medical information).

**RESPONSE:**

14.     Please produce all documents and files (in any format) maintained by Defendant about Dennis Honholt, including, but not limited to, all chief of police interview and candidacy files, candidate ranking sheets, handwritten or electronic notes from every member of interview panels, investigatory files (and specifically, Detective Michael Knizeski's investigative report about Honholt), documents exchanged with the Michigan Commission on Law Enforcement

- 4 -

Standards, human resources files, supervisor files, and manager files (but excluding medical information).

**RESPONSE:**

15.     Please produce all documents and files (in any format) maintained by Defendant about Adam DeBoer, including, but not limited to, all chief of police interview and candidacy files, candidate ranking sheets, handwritten or electronic notes from every member of interview panels, investigatory files, documents exchanged with the Michigan Commission on Law Enforcement Standards, human resources files, supervisor files, and manager files (but excluding medical information).

**RESPONSE:**

16.     Please produce all documents and ESI on which Defendant may rely for any defense of this case or that you believe disproves any of the allegations contained in any paragraph of the complaint.

**RESPONSE:**

17.     Please produce all documents that reflect the organizational structure of Defendant, such as organization charts, directories, and similar documents that existed at any time from March 31, 2022 to present.

**RESPONSE:**

18.     Please produce all documents related in any way to the processing, consideration of, or evaluation of Plaintiff's Freedom of Information Act request (Request No. R000043-042925).

**RESPONSE:**

19.    To the extent not produced in response to any of the previous document requests, please produce all documents and ESI relating to any communication (including mail, electronic mail, text messages, instant messages, social media messages, *etc.*) between you and any person relating to the allegations in the complaint, your answer, or the subject matter of this case (including any documents received by subpoena, Freedom of Information Act requests, or otherwise).

**RESPONSE:**

PAT CARLOTTO

Dated: February 11, 2026                    By: _____

Mark S. Wilkinson (P68765)
PALADIN EMPLOYMENT LAW PLLC
*Attorney for Plaintiff*
5955 W. Main St., Ste. 618
Kalamazoo, MI 49009
(tel.) 269.978.2474
mark@paladinemploymentlaw.com

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

PAT CARLOTTO,

        Plaintiff,

    v.

CITY OF SOUTH HAVEN,

        Defendant.

Case No. 25-1557

Hon. Phillip J. Green

| | |
|---|---|
| Mark S. Wilkinson (P68765) | Andrew J. Brege (P71474) |
| PALADIN EMPLOYMENT LAW PLLC | ROSATI SCHULTZ JOPPICH |
| *Attorney for Plaintiff* |  & AMTSBUECHLER P.C. |
| 5955 W. Main St., Ste. 618 | *Attorney for Defendant* |
| Kalamazoo, MI 49009 | 822 Centennial Way, Ste. 270 |
| (tel.) 269.978.2474 | Lansing, MI 48917 |
| mark@paladinemploymentlaw.com | (tel.) 517.886.3800 |
| | abrege@rsjalaw.com |

## DEFINITIONS AND INSTRUCTIONS

These definitions and instructions will apply to Plaintiff's first set of interrogatories and first request to produce that have been served on Defendant, as well as any future discovery requests unless otherwise noted.

### INSTRUCTIONS

1. Plaintiff's discovery requests are continuing and, if additional responsive information or documents come to your attention following the date of the answers to Plaintiff's discovery requests, that information must be promptly provided to the full extent by the Federal Rules of Civil Procedure. If you acquire or become aware of additional responsive information or documents after you serve your answers to the discovery requests, you are required to supplement or correct your answers.

2. Your answers, responses, and production of documents and information should include any responsive information, documents, and things that are available to any of the responding parties, its employees, agents, representatives, sureties, or indemnitors or is within any of the responding parties' custody or control. Production of all requested documents must be made electronically (by PDF and not in TIFF) or physically at the offices of PALADIN EMPLOYMENT LAW PLLC, 5955 West Main Street, Suite 618, Kalamazoo, Michigan 49009.

3.    Where an interrogatory requests the identification of a person or persons, state the full name, title, present address, and telephone number, or, if unknown, the last known address and telephone number, email address, and the employer of each such person or persons.

4.    The use of the singular form of any word in any discovery request includes the plural, and the plural form of any word includes the singular, except as otherwise expressly stated.

5.    The words "and" and "or" in any discovery request shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request all responses that might otherwise be construed to be outside of its scope.

6.    The words "any" and "all" shall be construed inclusively and in a manner that maximizes the scope of the request, such that all responses that might otherwise be construed to be outside the scope of the request are brought within its scope.

7.    If any responding party claims a privilege or other protection as a basis for withholding any responsive information or document, please produce with the discovery responses a privilege log, which, for each assertion:

(a)    identifies the specific privilege or protection being claimed;

(b)    states the factual basis for the claim of privilege;

(c)    describes fully the circumstances of the document's origin, including, but not limited to, the date, number of pages, author or originator, recipients or partici-pants, and the general subject matter; and

(d)    describes fully the circumstances of the document's disposition, including identi-fying all persons whom you believe may have seen or became acquainted with its contents

8.    In the event that any responsive documentation has been destroyed or discarded or otherwise disposed of, please identify the document as completely as possible, including without limitation the date, authors, addresses, recipients, and subject matter, and the reason for disposal of the document and identify all persons who authorized disposal of the documents.

9.    Any objection you pose must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a discovery request must specify the part and permit inspection of the rest. FED. R. CIV. P. 34(b)(2)(c).

10.    Please do not lodge "subject to" objections or preface discovery responses with the modifier, "subject to and without waiving these objections …" or something similar. As courts have noted, discovery responses like these ones "hide[] the ball. It leaves the plaintiff to wonder what documents are being produced and what documents are being withheld … and permits the defendant to be the sole arbiter of that decision." *Athridge v. Aetna Casualty & Surety Co.*, 184 F.R.D. 181, 190-91 (D. D.C. 1998); *see also Howard v. Sweetheart Cup Co.*, No. 00-648, 2001 WL 721765, at *2 (N.D. Ill. June 27, 2001) (holding the same as it relates to "[s]ubject

- 2 -

to and without waiving the foregoing objections"). Other courts have put it this way: "[p]roducing documents 'subject to,' or 'notwithstanding' objections 'preserves nothing and wastes the time and resources of the parties and the court.'" *Tanner v. Liberty Mut. Fire Ins. Co.*, No. 19-585, 2019 WL 1569565, at *2 (M.D. Fla. Apr. 11, 2019).

11.     Please do not redact materials or information from your document production unless doing so because of a privilege. The Federal Rules of Civil Procedure "do not permit a party to redact information, claimed to be irrelevant, from the documents it produces." *In re Marriott Int'l Customer Data Sec. Breach Litig.*, No. 19-2879, 2020 WL 5525043, at *2 (D. Md. Sept. 14, 2020). *see also Patterson Dental Supply v. Pace*, No. 19-1940, 2020 WL 13032915, at *9 (D. Minn. Dec. 21, 2020) ("neither the Federal Rules of Civil Procedure nor the Protective Order entered in this case permit [a defendant] to redact portions of a responsive document on any basis other than an assert[ed] privilege or the work product doctrine"); *Stewart v. Credit One Bank NA*, No. 16-2781, 2017 WL 3453569, at *3 (D. Kan. Aug. 11, 2017) ("If the document itself is relevant, the Court sees no justification for allowing Defendant to redact certain portions it unilaterally deems irrelevant."); *Bartholomew v. Avalon Capital Group Inc.*, 278 F.R.D. 441, 451 (D. Minn. 2011) ("Redaction is an inappropriate tool for excluding alleged irrelevant information from documents that are otherwise responsive to a discovery request.").

## DEFINITIONS

For the purpose of Plaintiff's interrogatories and requests to produce (and any future discovery requests), the following definitions apply:

1.     "Complaint," "counterclaim," "answer," and "defenses" refers to the pleadings, as amended, that have been filed in this case.

2.     "Communication" or "communications" means any oral or written statements between any two persons or entities, including meetings, conferences, telephone conversations, in person conversations, letters, orders, directives, questions, answers, dialogues, discussions, conversations or agreements, howsoever transmitted or exchanged (including electronically).

3.     Plaintiff refers to Pat Carlotto.

4.     The *Pauly* litigation refers to the case titled as *Michaela Pauly v. City of South Haven and Natalie Thompson*, Case No. 22-307 (W.D. Mich. 2022).

5.     Defendant refers to the City of South Haven or any other person or entity that becomes a defendant in this case, including any of their agents, employees, representatives and any person or entity acting on their behalf.

6.     "Document" and "documents" means anything in writing in any format or medium and includes all paper documents and electronically stored information. For example, but without limitation, "documents" includes notes, correspondence, memoranda, records, invoices, statements, facsimiles, summaries, calendars, diaries, transcripts, photographs, drawings, diagrams, images, video or audio recordings, agreements, reports, spreadsheets, logs, email messages, Facebook messages, instant messages, text messages, databases or data compilations, and computer files. With respect to electronically stored data, the term "document" also includes any

- 3 -

hidden data or metadata associated with the data.

7.    "ESI" means electronically stored information in any format or medium. It includes emails, text messages, and all other forms of electronically stored information.

8.    "Identify," when used in reference to:

(a)    An individual person, will mean to state the full name, present or last known address and telephone number, email address, and present or last known job title and business affiliation of the person identified.

(b)    A person other than an individual, will mean to state the official name or designation and the address of the person identified.

(c)    A document, will mean to state the date, preparer(s), recipient(s), subject matter, and current custodian(s) of the document identified.

(d)    An event or communication, will mean to state the time, date, place, participants, subject matter, and circumstances of the event or communication identified.

(e)    A judicial proceeding, will mean to state the parties, court, docket number, claims, nature (class action or non-class action), and disposition of the proceeding identified.

(f)    A crime or civil infraction, will mean to state the court, docket number, nature of the crime or civil infraction, date of plea or conviction, sentence, and fine of the crime or civil infraction identified.

9.    "Case" means the civil action pending between Plaintiff and Defendant.

10.  "Person" means any natural person or any entity, including, but not limited to, sole proprietorships, partnerships, corporations, associations, joint ventures, and any other legally recognized entity of any description whatsoever.

11.  "You," "your," or "Responding Parties" includes the City of South Haven and any other person or entity that becomes a defendant in this case, as well as any and all of their employees, officers, members, managers, directors, affiliates, predecessors, successors, attorneys, accountants, agents, representatives, or any other person acting on their behalf.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

PAT CARLOTTO,

        Plaintiff,

    v.

CITY OF SOUTH HAVEN,

        Defendant.

Case No. 25-1557

Hon. Phillip J. Green

| | |
|---|---|
| Mark S. Wilkinson (P68765)<br>PALADIN EMPLOYMENT LAW PLLC<br>*Attorney for Plaintiff*<br>5955 W. Main St., Ste. 618<br>Kalamazoo, MI 49009<br>(tel.) 269.978.2474<br>mark@paladinemploymentlaw.com | Andrew J. Brege (P71474)<br>ROSATI SCHULTZ JOPPICH<br> & AMTSBUECHLER P.C.<br>*Attorney for Defendant*<br>822 Centennial Way, Ste. 270<br>Lansing, MI 48917<br>(tel.) 517.886.3800<br>abrege@rsjalaw.com |

## PROOF OF SERVICE

      Mark S. Wilkinson certifies that on February 11, 2026, he served a copy of Plaintiff's first set of interrogatories, Plaintiff's first request to produce, and this proof of service upon:

    Andrew J. Brege
    ROSATI SCHULTZ JOPPICH
     & AMTSBUECHLER P.C.
    822 Centennial Way, Ste. 270
    Lansing, MI 48917

at the address above by first-class mail, postage prepaid, and with an additional copy by email to abrege@rsjalaw.com. I declare that the statements in this proof of service are true and correct to the best of my information, knowledge, and belief.